UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DONALD EUGENE DEADERICK<br>B.O.P. #08248-068 | : | CIVIL ACTION NO. 2:15-cv-1841<br>SECTION P |
| VERSUS | : | JUDGE MINALDI |
| WARDEN FEDERAL CORRECTIONAL<br>INSTITUTE OAKDALE | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Donald Eugene Deaderick ("Deaderick"). Deaderick is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. However, his petition is based on events that occurred while he was incarcerated at Schuylkill Federal Prison Camp in Minersville, Pennsylvania.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **SERVED IN PART** and **DISMISSED IN PART WITH PREJUDICE.**

**I.**
**BACKGROUND**

Deaderick seeks a federal writ of *habeas corpus* to challenge a prison disciplinary conviction that resulted in the loss of good-time credits and other sanctions. Doc. 1, p. 2. On

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Because Deaderick was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. *Id.*; 28 U.S.C. § 2241(d).

February 10, 2014, a SIM card was found inside Deaderick's assigned quarters. Doc. 1, att. 2, p. 3. As a result Deaderick was charged with possession of a non-hazardous tool. *Id.* Deaderick states that on March 31, 2014, counselor Brill removed him from his cell in the Special Housing Unit so that they could go through Deaderick's property that had allegedly been "mixed in" with another inmate's belongings. Doc. 1, att. 1, p. 2. Deaderick contends that the SIM card could have fallen from the other inmate's belongings. *Id.*

On May 19, 2014, a unit discipline committee ("UDC") review was conducted, wherein Deaderick claims that he requested to call Brill as a witness to the events of March 31. *Id.* Deaderick states that Brill informed him that he could not be called as a witness because he was performing the hearing. *Id.* After the UDC hearing the offense was referred to the Disciplinary Hearing Officer ("DHO"). On May 27, 2014, a hearing was held before the DHO, who found that Deaderick did commit the prohibited act. Doc. 1, att. 2, pp. 4–6. His sanctions included disciplinary segregation, loss of privileges, and forfeiture of 361 days of accumulated and future good time credit.[2] *Id.* at 5.

In support of his petition, Deaderick contends: (1) that he received defective notice of the disciplinary charge; (2) that he was deprived of the opportunity to call a witness; and (3) that the evidence was insufficient to support a finding of guilt. Doc. 1, pp. 6–7. As relief he asks this court to expunge the DHO sanctions and to restore his good time credit and all other privileges that were taken from him. Doc. 1, p. 8.

---

[2] Deaderick states that he appealed the DHO's findings at every level, and he provides copies of the responses. Doc. 1, p. 8; *See* Doc. 1, att. 2, pp. 8–9 (warden's response and request for extension of time by the administrative remedy coordinator central office).

## II.
### LAW AND ANALYSIS

Deaderick seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). Here Deaderick claims that he was wrongfully deprived of good time credit and other privileges due to the due process violations named above.

*A. Miscellaneous Sanctions*

As a result of his disciplinary conviction, Deaderick spent sixty days in disciplinary segregation and lost eighteen months of phone and visitation privileges. Doc. 1, att. 2, p. 5. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges and a cell restriction or solitary confinement on a temporary basis are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* The Fifth Circuit has also decided that adjustments to a prisoner's classification status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Furthermore, solitary confinement (if that is what is meant by disciplinary segregation) has been held as a due process violation only in extraordinary circumstances. *Compare, e.g.*, *Shoats v. Horn*, 213 F.3d 140, 1444 (3rd Cir. 2000) (finding a due process violation based on eight years of solitary confinement with no prospect of release in the near future) *with Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (finding no due process violation based on twelve months in protective lockdown). We cannot find that a 60 day segregation would meet this standard. Because

these sanctions do not implicate a protected liberty interest, Deaderick cannot show that he is entitled to *habeas corpus* relief for these sanctions even if we find merit to his allegations.

### B. *Loss of Good Time Credits*

Federal prisoners have liberty interests in their good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985) governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Hill,* 105 S.Ct. at 2773; *Wolff*, 94 S.Ct. at 2978–80. Deaderick raises no allegations based on the written findings requirement, and we find none based on the record. Therefore we will consider the constitutional adequacy of the hearings in terms of the other three requirements.

Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "a modicum of evidence." *Hill*, 105 S.Ct. at 2774. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy this standard. *Id.* at 536–37.

In this case the DHO considered the following: (1) the incident report; (2) the investigation; (3) a photograph; and (4) Deaderick's statement denying the charge. Doc. 1, att. 2, pp. 4–5. Based on a review of the above, the hearing officer found Deaderick guilty of the charged offense. Given the wide range of information relied upon, there is no question that the "some evidence" standard was met. Deaderick's claim of insufficient evidence thus offers no basis for federal *habeas* relief.

Under his notice claim, Deaderick contends that he was charged with two offenses for the same incident and that the wrong offense number was given for one of the charges. Doc. 1, att. 1, p. 2. However, the DHO report and the initial citation both indicate only one charge, for which the same offense code is given. Doc. 1, att. 2, pp. 3–4. Therefore we have no basis for finding inadequate notice.[3]

We next consider the allegation that Deaderick was denied the opportunity to present evidence. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 94 S.Ct. at 2975. Prison officials can limit the evidence a prisoner presents when they articulate legitimate reasons for doing so. *See Ponte v. Real*, 105 S.Ct. 2192, 2195–97 (1985). Furthermore, even if the petitioner can prove a due process violation in a disciplinary hearing, he will not be entitled to *habeas* relief unless he can show that he was prejudiced thereby. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Here Brill was not allowed to testify at the disciplinary proceedings because he was a member of the UDC. The warden cited incorrect grounds for denial in his response to Deaderick's

---

[3] Deaderick offers no evidence to show that the wrong offense code was used. Even if he had, however, we would be unable to find prejudice under this claim – Deaderick was aware of the offense and conformed his defense accordingly at the hearing. *See* Doc. 1, att. 2, p. 4. Without a showing of prejudice flowing from the defective notice, Deaderick is not entitled to federal habeas relief. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). This claim is therefore completely unavailing.

appeal.[4] Additionally, a policy attached by Deaderick does state that UDC members may not be "witnesses . . . or otherwise significantly involved in the incident." Doc. 1, att. 2, p. 7. Therefore it seems that the prison failed to articulate a legitimate reason for barring Brill as a witness. Furthermore, given that Brill might have corroborated Deaderick's contention that the SIM card was not his by stating that Deaderick's belongings were mixed with those of another inmate, Deaderick may be able to show that he was prejudiced by the erroneous denial of his ability to call Brill as a witness. Accordingly, this claim survives our initial review and should be served on the defendants.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the application for writ of *habeas corpus* be **DENIED IN PART** and that all claims with the exception of the one related to his ability to call a witness at the DHO proceedings be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an

---

[4] *See* Doc. 1, att. 2, p. 8 (claiming that Brill could not serve as a staff representative to Deaderick because he was a member of the Uniform Disciplinary Committee).

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE