UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD EUGENE DEADERICK**<br>B.O.P. #08248-068 | : | **CIVIL ACTION NO. 2:15-cv-1841**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN FEDERAL CORRECTIONAL INSTITUTE OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se application for a writ of habeas corpus [doc. 1] pursuant to 28 U.S.C § 2241, filed by Donald Deaderick ("petitioner"). The petitioner is a prisoner in the custody of the federal Bureau of Prisons. At the time of filing he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. However, his petition his based on events that occurred while he was incarcerated at Schuylkill Federal Prison Camp ("Schuylkill FPC") in Minersville, Pennsylvania. The warden ("respondent") has responded in opposition.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

On February 10, 2014, a SIM card was found during an inventory of the petitioner's personal property at Schuylkill FPC. Doc. 1, att. 2, p. 3. As a result he was charged with possession of a non-hazardous tool. *Id.*

The petitioner states that on March 31, 2014, counselor Brill removed him from his cell in the Special Housing Unit so that they could go through the petitioner's property. Doc. 1, att. 1, p. 2. The petitioner was informed that that they suspected another inmate's belongings had been mixed with his when the petitioner was packed out for transfer to the Special Housing Unit. *Id.* He contends that the mix-up suggests that the SIM card could have fallen from the other inmate's belongings. *Id.*

On May 19, 2014, a unit discipline committee ("UDC") review was conducted pursuant to the SIM card possession charge. *Id.* The petitioner claims that he requested to call Brill as a witness to the events of March 31. *Id.* He states that Brill informed him that he could not be called as a witness because he was performing the hearing. *Id.* After the UDC hearing the offense was referred to the disciplinary hearing officer ("DHO") because the level of sanctions recommended was beyond what the UDC could impose. Doc. 11, att. 3, p. 3. The DHO found that the petitioner did commit the prohibited act and applied various sanctions, including forfeiture of 41 days of earned good time credit and 320 days of non-vested good time credit. Doc. 1, att. 2, pp. 4–6.

After exhausting administrative review the petitioner filed the instant petition challenging the disciplinary proceedings for lack of notice, insufficient evidence, and due process violation through denying him the opportunity to call a witness. Doc. 1, pp. 6–7; *see* doc. 1, att. 2, pp. 8–9 (proof of exhaustion). Upon initial review this court recommended dismissal of the first two claims but determined that the third should proceed. Docs. 2, 3.

## II.
## LAW & ANALYSIS

A federal prisoner may challenge the execution of his sentence, including loss of credit towards his sentence, through 28 U.S.C. § 2241. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The

respondent also concedes that the petitioner exhausted his administrative remedies, a threshold requirement of § 2241 petitions. *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990). Therefore the claim is properly before this court.

In prison disciplinary proceedings where loss of good time is threatened, inmates are not afforded the "full panoply of rights" applicable to a criminal prosecution.[1] *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974). However they still have certain minimal guarantees through the Due Process Clause, including the right to call witnesses, subject to penal interests. *Id.* at 2979–80.

Brill's testimony was desired to show that, because they were mixed with another inmate's when he was packed out, petitioner's belongings might have been intermingled when the SIM card was discovered. This testimony would have been relevant to the proceedings; thus, it was improper under controlling regulations for Brill to serve on the UDC and to use this reason for stating that he could not be called as a witness. *See* 28 C.F.R. § 541.7(b) ("UDC members will not be victims, witnesses, investigators, or otherwise significantly involved in the incident.")

The respondent does not dispute that the petitioner asked Brill to be a witness in the UDC proceedings, but points out that he did not request a witness for the DHO hearing.[2] Likewise, the petitioner does not state whether he attempted to call Brill as a witness for the DHO hearing even though it appears that he had the opportunity to do so. While denial of the opportunity to call a

---

[1] The following sanctions were also imposed: loss of telephone and visitation privileges for 18 months and disciplinary segregation for 60 days. Doc. 11, att. 3, p. 3. These sanctions do not appear to implicate a liberty interest protected by the Due Process Clause. *Compare Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995) (no liberty interest protecting against a 30 day period of disciplinary segregation) with *Wilkinson v. Austin*, 125 S.Ct. 2384, 2394–95 (2005) (indefinite disciplinary segregation was an atypical punishment implicating the Due Process Clause); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (observing that prisoners have no constitutional right to visitation privileges and that restrictions of same do not implicate any due process concerns).

[2] The written DHO report shows an affirmative response to the question of whether the petitioner requested a witness. Doc. 1, att. 3, p. 13. However, no names of witnesses who appeared are provided under the next question and the response to a question asking about unavailable witnesses is marked not applicable. *Id.* The DHO, K. Bittenbender, avers that he made a typographical error in marking that witnesses were requested. *Id.* at 3. Furthermore, the petitioner only submits evidence to show that he requested a witness for the UDC hearing. *See* Doc. 1, att. 2, p. 8.

witness was improper at the UDC hearing, petitioner fails to show that he was denied any such opportunity at the hearing that actually resulted in the sanctions at issue. Accordingly, there was no due process violation through the petitioner's loss of good time credit.

In his reply the petitioner also requests an evidentiary hearing. Doc. 12, p. 1. Such a request should be granted if the petitioner "alleges facts which, if proved, would entitle him to relief." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (state habeas claim); *see Wahl v. Bureau of Prisons Officers*, 281 Fed. App'x 359, 360 (5th Cir. 2008) (applying *Ellis* to a § 2241 case). The petitioner has not even alleged that he was denied an opportunity to call Brill as a witness at the DHO hearing. Accordingly, there is no basis for a hearing.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 25th day of May, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE